On Application nor Rehearing.
■Spencer, J.
This case presents the “ hypothecary action proper. O. P. 68. It is the pursuit of a thing — a proceeding in rem, as contra-distinguished from a proceeding in personam. The latter bases itself upon personal obligation, the former does not. The Code declares that an action “ to recover a sum of money,” “ accompanied by a mortgage,” is not a real action. 0. P. 12. But art. 61 declares that “ the hypothecary action is a real action.” Art. 62 declares that “ like all real actions” it follows the property into whatever hands it goes.
We understand, therefore, that when the creditor asserts a personal obligation secured by mortgage, i. e., proceeds against the mortgagor or his heirs to enforce his debt and mortgage, the action is not real. But when the possessor is under no personal obligation to pay the debt, i. e., when the suit proceeds exclusively in rem, the action is real.
This was the view we expressed in the case of Buckner vs. Wisdom, 31 An. 52, which was a proceeding against the debtor’s estate, repre *142 sented by an executor in possession of the mortgaged immovable. We «ee no other mode of harmonizing the provisions of the Code.
Under article 123 C. P., where the heirs are present, “none butper•sonal actions can be brought against the testamentary executor alone. All real actions, such as those of revendication, and the like, must be brought both against the executor and the heirs present or represented.
The theory of the Code seems to be this ; that the hypothecary action proper, alternatively at least, demands the surrender and giving up of the immovable itself; and that the power to defend in such action •implies therefore in some sort, the rights of alienation and acquisition, since the possessor must elect between giving up the property or paying the debt against it. When the heirs of the deceased possessor are present or represented the law denies to the executor acting alone the exercise of this right of election, this power of alienation, and requires "the joinder of the heirs'.
The case is different, however, where the deceased possessor was himself the debtor, personally bound for the debt. In that case there is no election. There can be no abandonment, no quasi alienation, by ■giving up the property.
In the case before us we held that this being a purely hypothecary ■action, and the heirs being present they were necessary parties. We ■adhere to that view.
The rehearing is refused.